UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE CISNEROS,<br><br>Defendant. | Case No. 24-cr-00368-JSC-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE AND OTHER RELIEF** |

Defendant Eddie Cisneros, representing himself, moves for early termination of his lifetime term of supervised release pursuant to 18 U.S.C. § 3583(e), modification and clarification of supervision conditions, and clarification of judgment and sentencing record. (Dkt. No. 2.)  Mr. Cisneros was convicted of sexual abuse of a minor in violation of 18 U.S.C. 2244(a)(1). *United States v. Cisneros*, 14-CR-0212  (E.D. Va. ) (Dkt. No. 110.)  On March 26, 2015, the United States District Court for the Eastern District of Viriginia, sentenced Mr. Cisneros to 120 months imprisonment and lifetime supervised release—the statutory maximum for each. The conviction arose out of his sexual abuse of his 12-year old relative. He has been on supervised release since November 2, 2022; so, Mr. Cisneros has served 3 years and 5 months or so of his lifetime term of supervised release.

Mr. Cisneros's supervision was transferred to the Northern District of California in June 2024.  Probation reports that since being supervised in this District, Mr. Cisneros has maintained a stable residence and tested negative for illegal substances.  While he is unemployed, he receives disability payments and is actively seeking employment.  He has complied with all conditions of his supervised release and passed his most recent polygraph in April 2026.

//

United States District Court
Northern District of California

**DISCUSSION**

**A.  Motion for Early Supervision Termination**

Pursuant to 18 U.S.C. § 3583(e), a court may terminate a defendant's supervised release at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation.  In deciding whether to do so, the district court must consider the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment;
- the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements;
- the need to avoid unwarranted sentencing disparities; and
- the need to provide restitution.

After considering these factors, a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id*. § 3583(e)(1); *see United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

The Court commends Mr. Cisneros for his rehabilitative efforts; however, the above factors persuade the Court it is not in the interests of justice to terminate Mr. Cisneros' lifetime term of supervision at this early date. The nature of the offense warrants a long term of supervision given its seriousness and the need to ensure Mr. Cisneros does not fall back into such harmful conduct.  For the same reasons, the public must be protected and the Court is not persuaded Mr. Cisneros does not continue to need treatment and the Probation Department's support.  Further, the Sentencing Guideline range for his sentence was 210 months to 262 months, although the statutory maximum was 120 months, to which he was sentenced. 14-CR-0212 (E.D. Va.) (Dkt. No. 132).  And, the supervised release range was five years to life. (*Id.*).  Mr. Cisneros has not even yet served five years of supervised release.  So, this factor, and the need to avoid sentencing

disparities, weighs against terminating supervision. And there is no evidence as to any restitution order.

For all these reasons, the motion for early termination is DENIED.

**B.  Motion for Modification/Clarification Supervised Release**

Mr. Cisneros writes:

> The Judgment in this case does not impose a blanket no-contact order with Mr. Cisneros's adult children. It does not mandate categorical lifelong treatment, polygraph testing, or computer monitoring absent individualized findings. Clarification and modification are necessary to ensure that supervision is administered consistent with what the Court actually ordered.

(Dkt. No. 2 at 6.)  The Court does not understand what relief Mr. Cisneros is seeking.  Mr. Cisneros is encouraged to speak with his probation officer as to any concerns he has about interpretation of his supervised release conditions.  So, this request is DENIED.

**C.  Clarification of Judgment/Sentencing Record**

Mr. Cisneros also "seeks clarification that the Judgment does not include findings of force, rape, or fear; does not impose a blanket no-contact order with adult children; and does not mandate categorical, lifelong supervision practices not expressly ordered by the Court."  The Court is unaware of any authority for the relief Mr. Cisneros seeks; the judgment and sentencing record speak for themselves. This request, too, is DENIED.

This Order disposes of Docket No. 2.

**IT IS SO ORDERED.**

Dated: April 23, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3